IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALISHA NICOLE OESTREICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00152-O-BL |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued his Report and Recommendation ("R. & R.") in this case. *See* R. & R., ECF No. 18. Plaintiff timely filed objections. *See* Obj. to R. & R., ECF No. 19. The Court has concluded a de novo review of those portions of the proposed findings to which an objection was made. *See* Fed. R. Civ. P. 72(b)(3). Having reviewed the motion, the applicable law, and the record before the Court, the Court finds that the R. & R. in this case should be and is hereby **ACCEPTED** and Plaintiff's objections **OVERRULED**.

**I.     BACKGROUND**

This factual recitation is taken from the R. & R. in this case. *See* R. & R., ECF No. 18. Plaintiff Alisha Nicole Oestreich ("Plaintiff" or "Oestreich") applied for social security disability insurance benefits on February 4, 2013, alleging disability impairments as of January 1, 2010. *Id.* at 1. Oestreich's application was denied on April 4, 2013, and was again denied on reconsideration on July 7, 2013. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") but was found not to be disabled following the June 6, 2014 hearing. *Id.* Oestreich then sought review from the Appeals Council, which denied her request for review on October 29,

1

2015. *Id.* at 2. Accordingly, the ALJ's decision constituted the final decision of the Commissioner of Social Security ("Commissioner"). *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005). Finally, Plaintiff sought judicial review of the denial decision pursuant to 42 U.S.C. § 405(g), with the case being referred to United States Magistrate Judge E. Scott Frost pursuant to 28 U.S.C. § 636(c). R. & R. 1, ECF No. 18.

The Magistrate Judge's R. & R. recommends that the decision of the ALJ be affirmed and Plaintiff's complaint be dismissed. *Id*. at 9. Plaintiff objects to the R. & R., arguing that: (1) the ALJ failed to give proper weight to her symptoms of pain or to explain how her daily activities undermined her credibility in relation to her pain-related claims; and (2) the ALJ's classification of her rheumatoid arthritis as a nonsevere impairment constituted prejudicial error. Obj. to R. & R., ECF No. 19.

## II.  LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson*

*v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is or is not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id*. If the impairment is severe but does not meet or equal a listed impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520(e).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *Id*. Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *Id*.

## III. ANALYSIS

In this case, the ALJ followed the five-step evaluation process. *See* R. & R. 1–2, ECF No. 18. The ALJ determined: (1) Oestreich had not engaged in substantial gainful activity since

January 1, 2010; (2) Oestreich had the severe impairments of degenerative disc disease and degenerative joint disease; (3) Oestreich's severe impairments did not meet and were not equivalent to any listed impairments; (4) Oestreich could not perform any past relevant work; and (5) Oestreich could perform a sufficient number of jobs in the national economy. *Id.*

In challenging the Magistrate Judge's affirmance of the ALJ's denial of her disability claims, Oestreich argues that: (1) the ALJ failed to give proper weight to her symptoms of pain or to explain how her daily activities undermined her credibility in relation to her pain-related claims; and (2) the ALJ's classification of her rheumatoid arthritis as a nonsevere impairment constituted prejudicial error. Obj. to R. & R., ECF No. 19. The Court will now examine Oestreich's arguments in turn.

### A. Proper Weight Given to Pain-Induced Symptoms

Plaintiff contends that the ALJ failed to give proper weight to her symptoms of pain as well as to explain the rationale for finding that her daily activities weakened her credibility regarding the level, persistence, and effects of her pain. *Id.* at 1–2. However, there is ample evidence that the ALJ did consider Plaintiff's pain symptoms when making the disability determination but determined they were inconsistent with her daily activities. *See* SSA Admin. R., Decision 18–20, ECF No. 12-3.

Plaintiff urges the Court to explain how her admitted daily activities are inconsistent with her disability. *See* Obj. to R. & R. 2, ECF No. 19. But it is up to the Plaintiff to affirmatively show that the ALJ's analysis of the record is objectively unsound, rather than the onus being on the ALJ to explicate at each step of the credibility process. *See Clary v. Barnhart*, 214 Fed. App'x. 479, 482 (5th Cir. 2007); *see also Hillman v. Barnhart*, 170 Fed. App'x. 909, 913 (5th Cir. 2006). When Plaintiff's claims of pain and her admitted daily activities stand in tension, as they do here,

4

the ALJ may properly consider this contradiction in determining the veracity of Plaintiff's claims of pain. *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990) (per curiam) (holding that "the inconsistencies between [Plaintiff's] testimony about his limitations and his daily activities were quite relevant in evaluating his credibility"). Accordingly, the Court finds that the ALJ properly considered Plaintiff's symptoms of pain when making the determination of disability. Thus, Plaintiff's objection as to the weight given to her pain-related claims is **OVERRULED**.

B.   **Determination of Rheumatoid Arthritis as a Nonsevere Impairment**

Oestreich further contends that she suffered prejudicial error resulting from the classification of her rheumatoid arthritis as a nonsevere impairment. *See* Obj. to R. & R. 3, ECF No. 19. Plaintiff argues that rejection of rheumatoid arthritis as a severe impairment at step two of the process resulted in her arthritis-specific limitations not being properly considered either in the Residual Functional Capacity Assessment ("RFC") or in the testimony of the vocational expert. *Id*. However, once an ALJ moves past step two of the sequential evaluation process, the severity standard is no longer material to the analysis undertaken in the subsequent steps. *See Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987). Furthermore, the applicable regulations mandate that the combined impact of all the claimant's impairments must be considered throughout the determination process. *See* 20 C.F.R. §§ 404.1523, 416.923. Therefore, the issue is whether the ALJ actually considered the rheumatoid arthritis impairment when undertaking step five of the analysis, as was required.

Upon reviewing the administrative record, the Court finds that the arthritis impairment was included as part of the RFC, with "RA" being listed as the primary diagnosis, the limitations on "handling" being imposed due to "RA pain and AM stiffness," and the inclusion of a statement that Plaintiff is "very stiff and feels very run down consistent with rheumatoid arthritis or lupus."

5

SSA Admin. R., Physical RFC Assessment 545, 548, 552, ECF No. 13-1. Additionally, when rendering his decision, the ALJ specifically discussed Plaintiff's rheumatoid arthritis. SSA Admin. R., Decision 15, ECF No. 12-3.

Lastly, while Plaintiff argues that posing hypothetical questions featuring more restrictive limitations to the vocational expert on reaching may have disqualified Plaintiff from clerk or cashier positions, such a change in questioning would not have led to a finding that Plaintiff was unable to perform the occupation of inspector that was also included in the ALJ's step-five findings. *Id*. at 22.

Because there is evidence the ALJ considered the totality of Plaintiff's impairments, including her rheumatoid arthritis, during step five of the sequential evaluation process, any step-two error is rendered "harmless because the ALJ considered these conditions in his RFC analysis." *See Boothe v. Colvin*, No. 3:12-CV-5127-D, 2013 WL 3809689, at *5 (N.D. Tex. July 23, 2013) (Fitzwater, C.J.); *see also Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (denying the request for remand where ALJ acknowledged an impairment in step two but then "went on to find, pursuant to the fourth step of the sequential evaluation analysis, that appellant's impairment did not disable her from performing her past sedentary work").

Accordingly, the Court finds that Plaintiff was not prejudiced by the determination that her rheumatoid arthritis was a nonsevere impairment. Thus, Plaintiff's objection regarding the ALJ's step-five analysis is **OVERRULED**.

IV. **CONCLUSION**

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED with prejudice**.

**SO ORDERED** this **27th day** of **April, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**